UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOB HILL CATERING, INC.,<br>Plaintiff,<br>v.<br>BACK OF THE HOUSE LLC,<br>Defendant. | Case No. 4:22-cv-05197-KAW<br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 74 |

On September 19, 2024, the Court granted the law firm of Caldarelli Hejmanowski Page & Leer LLP's motion to withdraw as counsel for Defendant Back of the House, LLC. (9/19/24 Order, Dkt. No. 74.) Defendant was given until November 18, 2024, to obtain new counsel and have counsel file a notice of appearance. *Id.* at 4. A notice of appearance was not timely filed.

In granting the withdrawal, the Court explicitly advised Defendant "that the failure to obtain new counsel or comply with court orders may result in its answer being stricken and a default judgment being entered against it." (9/19/24 Order at 4.) Indeed, corporations may only appear in court through an attorney. *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993). Therefore, when a corporation fails to obtain counsel despite being ordered to do so, the Court may strike the answer and enter default against it. *See United States v. High Country Broad. Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993) ("perfectly appropriate" for district court to strike answer and enter default judgment against corporation when it failed to retain counsel); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (determining that striking an answer and entering default judgment are within a court's inherent powers); *see also Coastal Env't Rts. Found. v. Aztec Perlite Co., Inc.*, No. 24-cv-385-RSH-SBC, 2024 WL 4520350, at *3 (S.D. Cal. Oct. 16, 2024) (struck answer and entered default *sua sponte* under court's inherent powers).

Accordingly, by **November 29, 2024**, Defendant is ordered to show cause why its Answer (Dkt. No. 29) should not be stricken *sua sponte* and default entered against it for failure to obtain new counsel by the November 18, 2024 deadline. By **November 29, 2024**, in addition to responding to this order to show cause, Defendant's new counsel must also file a notice of appearance and either respond to the pending motion for summary judgment or file a motion for administrative relief from the November 29, 2024 deadline.

Defendant is advised that the failure to timely respond to this order to show cause may result in the Court striking its Answer *sua sponte* and directing the Clerk of Court to enter default against it under Federal Rule of Civil Procedure 55(a). Defendant is separately advised that the failure to timely oppose the motion for summary judgment or file a motion for administrative relief **will** result in the granting of the motion for summary judgment as unopposed and judgment being entered against Defendant accordingly. (*See* Judge Westmore's General Standing Order ¶ 22 ("The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion.").)

Finally, former defense counsel is ordered to immediately serve this order on Defendant and file a certificate of service.

IT IS SO ORDERED.

Dated: November 19, 2024

KANDIS A. WESTMORE
United States Magistrate Judge